UNITED STATES DISTRICT COURT
Northern District of Georgia

DEC 2 2 1992
LUTHER D. THOMAS, Clerk
By: Deputy Clerk

UNITED STATES OF AMERICA

v.

NEWOKY GRAHAM,

    Defendant.

Case Number: 1:92-cr-213-1

ATTEST: A TRUE COPY
CERTIFIED THIS 12/24/92

Luther D. Thomas, Clerk

By: Deputy Clerk

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, NEWOKY GRAHAM, was represented by Jimmy Hardy.

The defendant was found guilty on count(s) One and Two after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 952 | Importation of Heroin | 1 |
| 21 USC 841 | Possession with Intent to Distribute Heroin. | 2 |

As pronounced on December 17, 1992, the defendant is sentenced as provided in pages 2 through 3 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 100.00, for count(s) One and Two, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 18th day of DEC., 1992.

ATTEST: A TRUE COPY
CERTIFIED THIS

JAN 15 2008

James N. Hatten, Clerk
By: B. Evans
Deputy Clerk

ROBERT L. VINING, JR.
United States District Judge

efendant's Soc. Sec. No.: ███████7
efendant's Date of Birth: ███████

Street, First Floor; Providence, Rhode Island

(EXHIBIT I)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 months on each of counts One and Two to run concurrent with each other.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on __2-18-93__ to __FPC Danbury__ at __Danbury, CT__, with a certified copy of this Judgment.

_Matthew J Eelis_
United States Marshal

By _____
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own, possess, or have under her control a firearm of any kind or other dangerous weapon.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support his or her dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.